| | | |
|---|---|---|
| MARCIA HALL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| | : | |
| ALLTRAN FINANCIAL, LP | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## Complaint for Damages

COMES NOW YOUR PLAINTIFF MARCIA HALL and files her Complaint

for Damages against the Defendant named above and shows the following:

## Summary of the Action

1.     In part, this is an action against the Defendant for their willful,

intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). Defendant's actions are abusive debt

collection practices prohibited by federal law, specifically the FDCPA which found

"abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices" by debt collectors and those practices "contribute to the number of

personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of

individual privacy."

2. This action is also brought pursuant to the Georgia Fair Business Practices Act, O.G.C.A. §§ 10-1-393 *et seq*. ("GFBPA") for Defendant's various violations of federal statutes designed to protect natural persons like the Plaintiff.

## Jurisdiction

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

4. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

7. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## Parties

8. Plaintiff is a natural person residing in Warner Robins, Georgia, which is located in Houston County, and is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

9. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

10. Defendant Alltran Financial, L.P. (herein "Alltran") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant Alltran is not authorized to transact business in the State of Georgia.

12. Defendant Alltran is not registered with the Georgia Secretary of State.

13. Summons and Complaint may be served on Defendant Alltran by service on its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

14. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

15. Defendant used the mails and interstate commerce in the connection of consumer debts regularly.

16. Defendant regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

<u>**Statutory Scheme**</u>

<u>**The Fair Debt Collection Practices Act**</u>

17.     Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

18.     Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

## The Georgia Fair Business Practices Act

19.     The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

20.     The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## Facts Common to All Counts

21.     Sometime prior to June 1, 2017, Plaintiff incurred one or more financial obligations, with Citibank, NA, that were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22.     Sometime prior to June 1, 2017, the debt was in default for non-payment.

23.     Sometime prior to June 1, 2017, Citibank, NA contracted with Defendant Alltran to collect the debt.

24.     On June 1, 2017, Defendant Alltran sent a letter to Plaintiff attempting to collect the debt.

1981-0002

25.    The June 1, 2017 letter states, in part, that "your account continues to accrue interest and may accrue late and other charges….If you pay the Total Balance above an adjustment may be necessary after we receive your payment."

26.    The balance on the June 1, 2017 letter was $15,740.24.

27.    Defendant Alltan also sent collection letters to Plaintiff on July 6, 2017 and July 21, 2017.

28.    The balance on the July 6, 2017 letter was $15,740.24.

29.    The balance on the July 21, 2017 letter was $15,740.24.

30.    Despite the statement that interest was being charged, no interest was in fact accruing.

31.    The July 6, 2017 letter from Defendant Alltran included a statement offering "a settlement of $7,870.12 in 3 payments over 3 months starting on July 21, 2017."

32.    The July 6, 2017 letter also included that the condition that "Once all three (3) payments of $2,623.37 each have been paid to our office **on time**, we will consider this account to be settled…" (emphasis added)

33.    The Plaintiff was directed to "…send in your payments along with the payment stub to the address listed on the coupon."

34.    The payment stubs provided with the July 6, 2017 letter specified due dates that did not allow for a full three months to make payments as the letter offered.

35. The July 6, 2017 letter also stated interest was accruing.

36. Interest was not accruing.

37. Defendant Alltran used the false threat of increased interest in an attempt to induce Plaintiff into accepting the settlement proposed by Defendant Alltran.

38. The July 21, 2017 letter stated that interest was accruing.

39. Interest was not accruing.

40. Defendant Alltran used the false threat of increased interest in an attempt to induce Plaintiff into accepting the settlement proposed by Defendant Alltran.

41. At all times relevant herein, Defendant has treated the account at issue as consumer debt.

42. At all times relevant herein, Defendant has treated the account at issue as being in default

43. At all times relevant herein, Defendant has treated Plaintiff as a consumer.

44. At all times relevant herein, Defendant is engaged in business enterprises in which the principle business is the collection of defaulted consumer debt.

45.     At all times relevant herein, Defendant was acting as, and continues to act as, a debt collector with respect to the account at issue.

46.     At all times relevant herein, Defendant acquired their interest or right to collect Plaintiff's account after the account had been identified as in default.

47.     Plaintiff has suffered concrete injuries including (without limitation) an invasion of a statutory right, the loss of money, time, and opportunity, and legal fees.

48.     Plaintiff has Article III standing to bring these claims against the Defendant.

**Causes of Action**
**Count I – Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692 *et seq*.**

49.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

50.     The foregoing acts and omissions of Defendant and their agents constitute violations of 15 U.S.C. § 1692, specifically:

    i.  Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by falsely claiming the account was accruing interest; and,

    ii.  Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by providing false, misleading, and conflicting settelement terms.

51. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

52. As result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## Count II – Georgia Fair Business Practices Act

### O.C.G.A. §§ 10-1-390 *et seq.*

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The GFBPA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1).

55. O.C.G.A. § 10-1-393 contains a non-exhaustive list of violations of the GFBPA.

56. A violation of the FDCPA is a violation of the GFBPA. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

57. Defendant Alltran maintains no assets in the State of Georgia.

58. Defendant Alltran has no employees in the State of Georgia.

1981-0002

59. Defendant Alltran's violations of the FDCPA were done intentionally and willfully, were not the result of error, and were not in conformity with any law, regulation, consent order, or other promulgation of rules.

60. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## **Count II – Unfair or Deceptive Practices**

### **O.C.G.A. §§ 10-1-850 *et seq.***

61. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

62. Georgia's Unfair or Deceptive Practices Toward The Elderly Act ("UDPTEA") defines an elder person as someone 60 years of age or older. O.C.G.A. § 10-1-850(2).

63. Plaintiff has been over the age of 60 at all times relevant herein.

64. Defendant knew Plaintiff was over the age of 60 at all times relevant herein.

65. The UDPTEA (O.C.G.A. § 10-1-851) provides: "[w]hen any person who is found to have conducted business in violation of Article 15, 17, or 21 of this chapter is found to have committed said violation against elder or disabled persons,

in addition to any civil penalty otherwise set forth or imposed, the court may impose an additional civil penalty not to exceed $10,000.00 for each violation."

66.     The GFBPA is a part of Article 15 referenced in O.C.G.A. § 10-1-851.

67.     Defendant violated the UDPTEA by violating the FDCPA (and thereby violating the GFBPA) as alleged hereinabove.

68.     Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendant including (without limitation) punitive damages for Defendant's violations of the FDCPA and GFBPA.

## **Demand for a Jury Trial**

69.     Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $20,000.00;

b) The award of costs and reasonable attorneys' fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 *et seq.* in an amount to be proven at trial but in excess of $10,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted April 25, 2018.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/  Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

ATTORNEYS FOR PLAINTIFF

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA )

) ss

COUNTY OF HOUSTON )

Pursuant to 28 U.S.C. § 1746, Plaintiff Marcia Hall, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April_____ __23_, __2018__
  Month          Day         Year

___Marcia V. Hall_____
  Signature